**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LeMEL DETANIO HANKSTON,

    Petitioner,                               2:13-cv-01601-JCM-GWF

vs.

                                                         **ORDER**

DWIGHT NEVENS, *et al.*,

    Respondents.

_____/

      In this habeas corpus action, the court appointed counsel for the petitioner, LeMel Detanio Hankston (ECF No. 4), and, on January 28, 2015, with counsel, Hankston filed a first amended petition for writ of habeas corpus (ECF No. 14).

      On April 29, 2015, Hankston filed a motion for leave to amend petition (ECF No. 18), requesting leave of court to file a second amended habeas petition. In that motion, Hankston states that the further amendment of the petition is necessary to incorporate new exhibits. Attached to the motion are the proposed second amended petition, and the three new exhibits. Respondents did not respond to the motion for leave to amend.

      A petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242; *see also* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts (recognizing general applicability of rules of civil procedure in habeas cases). Hankston's motion is governed by Federal Rule of Civil

Procedure 15(a)(2), which permits an amended pleading "only with the opposing party's written consent or the court's leave." The court "should freely give leave when justice so requires." *See, e.g.*, *Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir.1993) (denial of leave to amend reviewed "for abuse of discretion and in light of the strong public policy permitting amendment."). Factors to be considered include "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). Here, there is no indication of bad faith, undue delay, or prejudice to the opposing party. Respondents have not responded. There is no indication that the amendment would be futile, as Hankston seeks only to incorporate new exhibits. Under the circumstances, leave to amend is in the interest of justice.

**IT IS THEREFORE ORDERED** that petitioner's motion for leave to amend petition (ECF No. 18) is **GRANTED**. Petitioner shall, within 20 days after this order is entered, separately file his second amended petition for writ of habeas corpus, along with the new exhibits in support of it.

**IT IS FURTHER ORDERED** that, within 45 days after petitioner files his second amended habeas petition, respondents shall file an answer or other response to the second amended petition. Respondents shall, in their initial responsive pleading, whether it is a motion or an answer, raise all potential procedural defenses, including lack of exhaustion and procedural default.

**IT IS FURTHER ORDERED** that, if respondents file an answer, petitioner shall have 45 days from the date on which the answer is served to file and serve a reply.

**IT IS FURTHER ORDERED** that, if respondents file a motion to dismiss, petitioner shall have 30 days to respond to the motion to dismiss, and respondents shall, thereafter, have 20 days to file a reply in support of the motion.

Dated May 22, 2015.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE