UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LeMEL DETANIO HANKSTON,

    Petitioner,

vs.

DWIGHT NEVENS, *et al.*,

    Respondents.

_____/

2:13-cv-01601-JCM-GWF

**ORDER**

Introduction

    This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by LeMel Detanio Hankston, a Nevada prisoner. The respondents have filed a motion to dismiss. The court will grant the motion to dismiss in part and deny it in part. The court finds one of Hankston's claims to be unexhausted in state court. With regard to that unexhausted claim, the court will direct Hankston to make an election to either abandon the claim or move for a stay of this action so that he may exhaust the claim in state court.

Background

    Hankston was convicted on September 2, 2008, following a jury trial in Nevada's Eighth Judicial District Court, in Clark County, of attempted murder with the use of a deadly weapon and battery with the use of a deadly weapon resulting in substantial bodily harm. *See* Judgment of Conviction, Exhibit 26 (The exhibits referred to in this order were filed by Hankston, and are located

in the record at ECF Nos. 15, 16, 17 and 21.). He was sentenced to two consecutive terms of five to sixteen years in prison for the attempted murder with the use of a deadly weapon, and the battery conviction was dismissed as redundant. *See id*.

In its order affirming Hankston's judgment of conviction, the Nevada Supreme Court described the background of the case as follows:

> At trial the State adduced evidence that Hankston had a brief confrontation with Kevin W., who was associated with a rival gang. Hankston followed Kevin and his friend to a local store. After separately returning from the store, Hankston and Kevin again exchanged words. Kevin left the area, but returned shortly thereafter with a group of friends and relatives. Hankston approached Kevin's group, once more exchanged words with Kevin, then said, "I'm going to solve this," reached into his pants, pulled out a gun, and fired four shots in rapid succession at Kevin's group. One of the bullets hit Kevin's friend Andre in the abdomen, piercing his liver and lung. Andre was hospitalized for fifteen days, and required two surgeries to repair his injuries.

Order of Affirmance, Exhibit 40, pp. 1-2. The Nevada Supreme Court affirmed the judgment of conviction on February 3, 2010. *See id*.

On January 20, 2011, Hankston, acting *pro se*, filed, in the state district court, a post-conviction petition for writ of habeas corpus. Exhibit 47; *see also* Exhibit 49 (Hankston subsequently filed a substantially identical habeas petition). Counsel was appointed, and, with counsel, Hankston filed a supplement to the petition on June 11, 2012. Exhibit 55. The state district court held an evidentiary hearing on October 11, 2012. *See* Transcript of Proceeding, Exhibit 58. The state district court denied the petition in a written order filed on December 7, 2012. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 60. Hankston appealed, and the Nevada Supreme Court affirmed on July 22, 2013. *See* Order of Affirmance, Exhibit 67; Judgment, Exhibit 69. The Nevada Supreme Court issued its remittitur on August 16, 2013. *See* Remittitur, Exhibit 68.

This court received Hankston's original *pro se* federal habeas petition, initiating this action, on September 3, 2013 (ECF No. 5). Hankston appears to have signed that petition on August 28, 2013, and Hankston alleges that he mailed it for filing in this court on that same date.

*See* Petition for Writ of Habeas Corpus (ECF No. 5), p. 9; Second Amended Petition for Writ of Habeas Corpus (ECF No. 20), p. 6.

The court granted Hankston's motion for appointment of counsel, and appointed counsel to represent him. *See* Order entered May 28, 2014 (ECF No. 4). With counsel, Hankston filed a first amended habeas petition (ECF No. 14) on January 28, 2015.

On April 29, 2015, Hankston filed a motion for leave to file a second amended petition, with the proposed second amended petition attached (ECF No. 18). Respondents did not oppose that motion, and the court granted Hankston leave to file the second amended petition on May 22, 2015 (ECF No. 19). Hankston's second amended habeas petition (ECF No. 20) was, accordingly, filed on May 26, 2015.

Hankston's second amended petition asserts the following claims:

1(1). Trial counsel was ineffective, in violation of Hankston's federal constitutional rights, because he "failed to call witnesses who would have supported a claim of self-defense." Second Amended Petition (ECF No. 20), p. 14.

1(2). Trial counsel was ineffective, in violation of Hankston's federal constitutional rights, because he "failed to present evidence of Hankston's prior shooting." *Id*. at 17.

1(3). Trial counsel was ineffective, in violation of Hankston's federal constitutional rights, because he "failed to present evidence of Kevin Washington's prior history in the criminal justice system." *Id*. at 18.

1(4). Trial counsel was ineffective, in violation of Hankston's federal constitutional rights, because he "failed to seek testing of the bullet casings." *Id*. at 19.

2. "The prosecution failed to [disclose] material exculpatory evidence," in violation of Hankston's federal constitutional rights. *Id*. at 20.

On July 10, 2015, respondents filed their motion to dismiss (ECF No. 22). Respondents argue in that motion that part of Claim 1(1), Claims 1(2), 1(3), 1(4), and Claim 2 are unexhausted in state court, and that Claim 2 is barred by the statute of limitations. *See* Motion to Dismiss, pp. 2-8. Hankston filed an opposition to the motion to dismiss on October 6, 2015 (ECF No. 27). Respondents filed a reply on October 14, 2015 (ECF No. 28).

Discussion

Statute of Limitations

In their motion to dismiss, respondents contend that Claim 2 of Hankston's second amended habeas petition is barred by the statute of limitations. *See* Motion to Dismiss, pp. 4-8.

In Claim 2, Hankston claims that "[t]he prosecution failed to [disclose] material exculpatory evidence," in violation of his federal constitutional rights. Second Amended Petition, p. 20. Specifically, Hankston claims that the prosecution did not disclose information regarding the juvenile history of Kevin Washington, a prosecution witness. *See id*. at 20-21.

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, included a one-year statute of limitations for federal habeas petitions filed by prisoners challenging state convictions or sentences:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

In this case, Hankston's direct appeal concluded on February 3, 2010, when the Nevada Supreme Court affirmed his judgment of conviction. *See* Order of Affirmance, Exhibit 40. Adding the ninety days within which a petition for a writ of certiorari may be filed in the United States

4

Supreme Court (*see* Supreme Court Rule 13), the date on which Hankston's conviction became final, for purposes of the AEDPA statute of limitations, was May 4, 2010. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir.2001). The limitations period for Hankston's federal habeas petition began to run on that date.

The AEDPA statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). Hankston filed a post-conviction petition in the state district court on January 20, 2011; that filing tolled the AEDPA limitations period. Between May 4, 2010, and January 20, 2011, 261 days ran against the limitations period.

Hankston's state habeas action concluded on August 16, 2013, when the Nevada Supreme Court issued its remittitur after affirming the denial of his petition. *See* Order of Affirmance, Exhibit 67; Remittitur, Exhibit 68; Judgment, Exhibit 69. The AEDPA limitations period for his federal habeas action then began to run again. Twelve days later, on August 28, 2013, Hankston signed his federal habeas petition, and claims to have mailed it to this court for filing. *See* Petition for Writ of Habeas Corpus (ECF No. 5), p. 9; Second Amended Petition for Writ of Habeas Corpus (ECF No. 20), p. 6. Therefore, when Hankston filed his original *pro se* petition in this case, only 273 days of the one-year limitations period had run out. The original petition was timely.

However, Hankston did not file his first amended petition until January 28, 2015, and he did not submit his second amended petition for filing until April 29, 2015. The first and second amended petitions were filed long after the one-year AEDPA limitations period expired on November 18, 2013.

A habeas petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Hankston does not suggest any grounds for equitable tolling.

Therefore, the issue whether Claim 2 is barred by the statute of limitations turns upon whether that claim "relates back" to any claim in Hankston's timely original petition, such that it is considered to have been first asserted on the filing date of the original petition. Claims in an amended habeas petition relate back to an earlier petition, under Federal Rule of Civil Procedure 15(c), if they arise out of "a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). "An amended habeas petition ... does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650.

In Claim 1(5) of his original *pro se* petition, Hankston claimed:

> Before trial I requested that counsel look into the background or criminal history of the witnesses. I informed him that I knew for certain that one of the witnesses (Kevin Washington) had a history of carrying guns and that he's been arrested for it, but counsel completely denied my request when he neglected to address the records and this was completely unreasonable because for one counsel had a duty and obligation to perform an adequate investigation, but counsel neglected these obligation when he failed to investigate the witnesses. Without the available resources theres really no way to show for certain that if counsel had of check the records then he would have found something favorable towards my defense, but since counsel didn't even put forth the effort to even check the records then there's no way to say for certain that he would not had of found something that would've been favorable towards my defense, therefore it was unreasonable for counsel not to investigate this matter because to do so would've been an adequate participation of the adversarial process and a proper performance of his duty to investigate. There's a strong possibility that if not for counsel's lack of efforts to investigate the outcome of the proceedings would've been different. This is obvious because an investigation of the witnesses background records could've led to an opportunity for the defense to discredit the witnesses. Therefore a reversal is warranted.

Petition for Writ of Habeas Corpus (ECF No. 5), p. 7L. The court finds that the claim asserted in Claim 2 of Hankston's second amended petition arises from the same core of operative facts as the claim in Claim 1(5) of his original petition. Therefore, Claim 2 relates back to the original petition, and is not barred by the statute of limitations.

Exhaustion

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is

6

1  intended to allow state courts the initial opportunity to correct constitutional deprivations. *See*
2  *Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the
3  claim to the highest state court, and must give that court the opportunity to address and resolve it.
4  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1,
5  10 (1992). A claim is fairly presented to the state's highest court if, before that court, the petitioner
6  describes the operative facts and legal theory upon which the claim is based. *See Anderson v.*
7  *Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d
8  859, 862 (9th Cir. 1982). In their motion to dismiss, respondents assert that part of Claim 1(1),
9  Claims 1(2), 1(3), 1(4), and Claim 2 are unexhausted in state court

Claims 1(1) (in part), 1(2), 1(3) and 1(4)

Claims 1(1), 1(2), 1(3) and 1(4) of Hankston's second amended habeas petition are claims that his federal constitutional rights were violated on account of ineffective assistance of his trial counsel. *See* Second Amended Petition, pp. 7-20.

Respondents argue in their motion to dismiss that Hankston has not raised, in the Nevada Supreme Court, any of Claims 1(1), 1(2), 1(3) and 1(4), except for part of Claim 1(1). *See* Motion to Dismiss, p. 4. Respondents concede that Hankston did assert part of Claim 1(1) in the Nevada Supreme Court -- the claim that trial counsel should have presented the testimony of Shayne Harris and Tasha Bradford in support of a self-defense theory at trial. *See id.*

In response to the motion to dismiss, Hankston acknowledges that he did not assert Claim 1(1) in the Nevada Supreme Court, except regarding trial counsel's failure to investigate and call as witnesses Shayne Harris and Tasha Bradford, and he acknowledges that he did not assert any of Claims 1(2), 1(3) and 1(4) in the Nevada Supreme Court. *See* Opposition to Motion to Dismiss, p. 5. He argues that the claims he did not raise in the state supreme court are now technically exhausted, however, because they are procedurally barred, as they would now be untimely and successive, and he cannot, in state court at least, make a showing of cause and prejudice to overcome the procedural bars. *See id.* at 6. In their reply in support of the motion to dismiss, respondents state: "To the

extent that Hankston concedes that he has no claims of good cause to overcome his procedural default other than his *Martinez* claims, respondents do not oppose the anticipatory default of his claims." Reply in Support of Motion to Dismiss, p. 4.

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir.1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

Federal law recognizes a species of cause for a procedural default of a claim of ineffective assistance of counsel that is not recognized under Nevada law: ineffective assistance of post-conviction counsel. *See Martinez v. Ryan*, 132 S.Ct. 1309 (2012); *see also Brown v. McDaniel*, 331 P.3d 867 (Nev.2014). Hankston contends that, while ineffective assistance of his post-conviction

counsel would not constitute cause under Nevada law, he can show such cause in federal court, and thereby overcome his procedural default of the defaulted part of Claim 1(1), and Claims 1(2), 1(3) and 1(4). *See* Opposition to Motion to Dismiss, pp. 8-16. Respondents, on the other hand, contend that Hankston does not make the showing required by *Martinez* to overcome his procedural default. *See* Reply in Support of Motion to Dismiss, pp. 5-8.

Under these circumstances, the court finds that the defaulted part of Claim 1(1), and Claims 1(2), 1(3) and 1(4), have been exhausted in state court.

The defaulted part of Claim 1(1), and Claims 1(2), 1(3) and 1(4), may be barred by the doctrine of procedural default. The resolution of that question, however, turns upon whether Hankston can make a showing of cause and prejudice under *Martinez* to overcome the procedural default, which in turn will, to a large degree, turn on the merits of those claims. The court determines, therefore, that the issue of the procedural default of part of Claim 1(1), and Claims 1(2), 1(3) and 1(4), will be better addressed after respondents file an answer, responding to those claims -- as well as the portion of Claim 1(1) that Hankston did assert in the state supreme court -- and after a reply by Hankston. The court declines, at this time, to reach the question whether part of Claim 1(1), and Claims 1(2), 1(3) and 1(4), are barred by the procedural default doctrine; respondents may argue those issues in their answer, at such time when an answer is called for, and Hankston may respond in his reply to respondents' answer.

Claim 2

Again, in Claim 2 of his second amended habeas petition, Hankston claims that "[t]he prosecution failed to [disclose] material exculpatory evidence," in violation of his federal constitutional rights. Second Amended Petition, p. 20. Respondents contend that Claim 2 is unexhausted.

Hankston concedes that Claim 2 is unexhausted. *See* Second Amended Petition, p. 7; Opposition to Motion to Dismiss, pp. 5-8, 16-18. And, the record reflects as much. *See* Fast Track Statement, Exhibit 36; Fast Track Statement, Exhibit 64.

1    With respect to Claim 2, therefore, Hankston will be directed to make an election, to either file a notice of abandonment of that claim, indicating that he elects to abandon the claim and proceed in this case with the litigation of his remaining claims, or, alternatively, file a motion for stay, requesting a stay of this action to allow him to return to state court to exhaust Claim 2.  If Hankston elects to file a motion for stay, he must make a showing that a stay is warranted, as prescribed in *Rhines v. Weber*, 544 U.S. 269 (2005).  If Hankston does not, within the time allowed, file a notice of abandonment of Claim 2, or a motion for a stay to allow exhaustion of that claim in state court, Hankston's entire second amended habeas petition will be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 22) is **GRANTED IN PART AND DENIED IN PART**.  The court finds that Claim 2 of petitioner's second amended petition for writ of habeas corpus (ECF No. 20) is unexhausted in state court. With respect to Claim 2, the court will direct petitioner to make an election, as described below. In all other respects, the motion to dismiss is denied.

**IT IS FURTHER ORDERED** that petitioner shall have **20 days**, from the date of entry of this order, to file a notice of abandonment of Claim 2, or a motion for a stay of this action to allow him to exhaust that claim in state court, as described above.

**IT IS FURTHER ORDERED** that, if petitioner files a notice of abandonment of Claim 2, respondents shall then have 60 days to file an answer, responding to petitioner's remaining claims. After respondents file an answer, petitioner shall have 45 days to file a reply.

**IT IS FURTHER ORDERED** that, if petitioner files a motion for a stay to allow exhaustion of Claim 2 in state court, respondents shall thereafter have 30 days to file a response to that motion, and petitioner shall thereafter have 20 days to file a reply.

///
///
///

**IT IS FURTHER ORDERED** that, if petitioner does not, within the time allowed, file a notice of abandonment of Claim 2, or a motion for a stay, petitioner's entire first amended habeas petition will be dismissed pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

Dated October 16, 2015.

                                            UNITED STATES DISTRICT JUDGE