Case 2:13-cv-01601-JCM-GWF   Document 38   Filed 04/19/16   Page 1 of 10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LEMEL DETANIO HANKSTON,

    Petitioner,                 2:13-cv-01601-JCM-GWF

vs.                                     **ORDER**

DWIGHT NEVENS, *et al.*,

    Respondents.

_____/

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by LeMel Detanio Hankston, a Nevada prisoner. The respondents have filed an answer, and Hankston has filed a reply. In addition, Hankston has filed a motion for leave to conduct certain discovery, and that motion is fully briefed. In this order, the court dismisses certain of Hankston's claims, as barred by the procedural default doctrine. Also, the court grants, in part, Hankston's motion for leave to conduct discovery. The claims remaining in Hankston's second amended habeas petition will be resolved, on their merits, after Hankston completes the authorized discovery.

Background

Hankston was convicted on September 2, 2008, following a jury trial in Nevada's Eighth Judicial District Court, in Clark County, of attempted murder with the use of a deadly weapon and battery with the use of a deadly weapon resulting in substantial bodily harm. *See* Judgment of

Conviction, Exhibit 26 (The exhibits referred to in this order were filed by Hankston, and are located in the record at ECF Nos. 15, 16, 17 and 21.). He was sentenced to two consecutive terms of five to sixteen years in prison for the attempted murder with the use of a deadly weapon, and the battery conviction was dismissed as redundant. *See id*.

In its order affirming Hankston's judgment of conviction, the Nevada Supreme Court described the background of the case as follows:

> At trial the State adduced evidence that Hankston had a brief confrontation with Kevin W., who was associated with a rival gang. Hankston followed Kevin and his friend to a local store. After separately returning from the store, Hankston and Kevin again exchanged words. Kevin left the area, but returned shortly thereafter with a group of friends and relatives. Hankston approached Kevin's group, once more exchanged words with Kevin, then said, "I'm going to solve this," reached into his pants, pulled out a gun, and fired four shots in rapid succession at Kevin's group. One of the bullets hit Kevin's friend Andre in the abdomen, piercing his liver and lung. Andre was hospitalized for fifteen days, and required two surgeries to repair his injuries.

Order of Affirmance, Exhibit 40, pp. 1-2. The Nevada Supreme Court affirmed the judgment of conviction on February 3, 2010. *See id*.

On January 20, 2011, Hankston, acting *pro se*, filed, in the state district court, a post-conviction petition for writ of habeas corpus. Exhibit 47; *see also* Exhibit 49 (Hankston subsequently filed a substantially identical habeas petition). Counsel was appointed, and, with counsel, Hankston filed a supplement to the petition on June 11, 2012. Exhibit 55. The state district court held an evidentiary hearing on October 11, 2012. *See* Transcript of Proceeding, Exhibit 58. The state district court denied the petition in a written order filed on December 7, 2012. *See* Findings of Fact, Conclusions of Law and Order, Exhibit 60. Hankston appealed, and the Nevada Supreme Court affirmed on July 22, 2013. *See* Order of Affirmance, Exhibit 67; Judgment, Exhibit 69.

This court received Hankston's original *pro se* federal habeas petition, initiating this action, on September 3, 2013 (ECF No. 5). The court granted Hankston's motion for appointment of counsel, and appointed counsel to represent him. *See* Order entered May 28, 2014 (ECF No. 4).

2

1  With counsel, Hankston filed a first amended habeas petition (ECF No. 14), and, later, a second

2  amended petition (ECF No. 20). Hankston's second amended petition asserts the following claims:

3      1(1).   Trial counsel was ineffective, in violation of Hankston's federal constitutional
                       rights, because he "failed to call witnesses who would have supported a claim
4                 of self-defense." Second Amended Petition (ECF No. 20), p. 14.

5      1(2).   Trial counsel was ineffective, in violation of Hankston's federal constitutional
                       rights, because he "failed to present evidence of Hankston's prior shooting."
6               *Id*. at 17.

7      1(3).   Trial counsel was ineffective, in violation of Hankston's federal constitutional
                       rights, because he "failed to present evidence of Kevin Washington's prior
8               history in the criminal justice system." *Id*. at 18.

9      1(4).   Trial counsel was ineffective, in violation of Hankston's federal constitutional
                       rights, because he "failed to seek testing of the bullet casings." *Id*. at 19.
10

      2.     "The prosecution failed to [disclose] material exculpatory evidence," in
11               violation of Hankston's federal constitutional rights. *Id*. at 20.

12  On July 10, 2015, respondents filed a motion to dismiss (ECF No. 22), arguing that part of

13 Claim 1(1), and Claims 1(2), 1(3), 1(4), and 2 are unexhausted in state court, and that Claim 2 is

14 barred by the statute of limitations. On October 16, 2015 (ECF No. 29), the court ruled that Claim 2

15 was not barred by the statute of limitations, but was unexhausted in state court. *See* Order entered

16 October 16, 2015 (ECF No. 29), pp. 6, 9-10. The court ordered Hankston to make an election to

17 either file a notice of abandonment of Claim 2, or, alternatively, file a motion for stay, requesting a

18 stay of this action to allow him to return to state court to exhaust Claim 2. *See id*. at 9-10. On

19 November 19, 2015, Hankston abandoned Claim 2 (ECF No. 32).

20  In its ruling on the motion to dismiss, the court also ruled, based on respondents' concession,

21 that Claim 1(1) was exhausted in state court to the extent it is based on Hankston's assertion that his

22 trial counsel was ineffective for not presenting the testimony of Shane Harris and Tasha Bradford in

23 support of a self-defense theory. *See* Order entered October 16, 2015, p. 7. With respect to the

24 remainder of Claim 1(1), and Claims 1(2), 1(3) and 1(4), the court determined that those claims were

25 not presented to the Nevada Supreme Court; however, the court ruled -- based on Hankston's

26 concession -- that there was no longer an available remedy regarding those claims in state court, so

those claims were exhausted, but may be barred by the procedural default doctrine. *See id*. at 7-9. The court continued, as follows, regarding those claims:

> Federal law recognizes a species of cause for a procedural default of a claim of ineffective assistance of counsel that is not recognized under Nevada law: ineffective assistance of post-conviction counsel. *See Martinez v. Ryan*, 132 S.Ct. 1309 (2012); *see also Brown v. McDaniel*, 331 P.3d 867 (Nev. 2014). Hankston contends that, while ineffective assistance of his post-conviction counsel would not constitute cause under Nevada law, he can show such cause in federal court, and thereby overcome his procedural default of the defaulted part of Claim 1(1), and Claims 1(2), 1(3) and 1(4). *See* Opposition to Motion to Dismiss, pp. 8-16. Respondents, on the other hand, contend that Hankston does not make the showing required by *Martinez* to overcome his procedural default. *See* Reply in Support of Motion to Dismiss, pp. 5-8.
>
> \* \* \*
>
> The defaulted part of Claim 1(1), and Claims 1(2), 1(3) and 1(4), may be barred by the doctrine of procedural default. The resolution of that question, however, turns upon whether Hankston can make a showing of cause and prejudice under *Martinez* to overcome the procedural default, which in turn will, to a large degree, turn on the merits of those claims. The court determines, therefore, that the issue of the procedural default of part of Claim 1(1), and Claims 1(2), 1(3) and 1(4), will be better addressed after respondents file an answer, responding to those claims -- as well as the portion of Claim 1(1) that Hankston did assert in the state supreme court -- and after a reply by Hankston. The court declines, at this time, to reach the question whether part of Claim 1(1), and Claims 1(2), 1(3) and 1(4), are barred by the procedural default doctrine; respondents may argue those issues in their answer, at such time when an answer is called for, and Hankston may respond in his reply to respondents' answer.

*Id*. at 8-9.

Respondents filed their answer on January 19, 2016 (ECF No. 33), and Hankston filed a reply on March 4, 2016 (ECF No. 34).

When he filed his reply, Hankston also filed a motion for leave to conduct discovery (ECF No. 35). Respondents filed an opposition to that motion on March 18, 2016 (ECF No. 36). Hankston filed a reply in support of his discovery motion on March 28, 2016 (ECF No. 37).

<u>The Unexhausted/Procedurally Defaulted Part of Claim 1(1), and Claims 1(2) and 1(3)</u>

In *Coleman v. Thompson*, the Supreme Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v.*

*Thompson*, 501 U.S. 722, 731-32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982).

The court has found that Hankston did not present part of Claim 1(1), and all of Claims 1(2) and 1(3) to the Nevada Supreme Court on his appeal in his state habeas action. The parties agree that any further attempt by Hankston to present those claims in state court would be barred by Nevada's rule barring successive habeas petition (*see* NRS 34.810(2)), and by the Nevada statute of limitations relative to habeas corpus petitions (*see* NRS 34.726(1)). *See* Opposition to Motion to Dismiss (ECF No. 27), pp. 14-18; Reply in Support of Motion to Dismiss (ECF No. 28), pp. 4-5.

The part of Claim 1(1) not asserted by Hankston in the Nevada Supreme Court, and therefore subject to procedural default analysis, is his claim that his trial counsel should have presented the testimony of witnesses other than Shane Harris and Tasha Bradford -- including, primarily, Mike Hill -- in support of a self-defense theory. *See* Second Amended Petition for Writ of Habeas Corpus

(ECF No. 20), pp. 14-17; Order entered October 16, 2015, p. 7.  Hankston made such a claim in his state habeas action.  *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 47, pp. 7C-7D.  The state district court denied the claim.  *See* Findings of Fact, and Conclusions of Law and Order, Exhibit 60.  However, Hankston did not raise that claim on his appeal in his state habeas action; rather, on that appeal, Hankston argued only that his trial counsel was ineffective for failing to present testimony of Harris and Bradford.  *See* Fast Track Statement, Exhibit 64; Reply to Fast Track Response, Exhibit 66.

In Claim 1(2), Hankston claims that his trial counsel was ineffective, in violation of his federal constitutional rights, because he "failed to present evidence of Hankston's prior shooting."  Second Amended Petition for Writ of Habeas Corpus, p. 17.  Hankston asserted this claim, as well, in his state habeas petition.  *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 47, pp. 7Q-7R.  The state district court denied the claim.  *See* Findings of Fact, and Conclusions of Law and Order, Exhibit 60.  However, here again, Hankston did not assert this claim on the appeal from the denial of his state habeas petition.  *See* Fast Track Statement, Exhibit 64; Reply to Fast Track Response, Exhibit 66.

In Claim 1(3), Hankston claims that his trial counsel was ineffective, in violation of his federal constitutional rights, because he "failed to present evidence of Kevin Washington's prior history in the criminal justice system."  Second Amended Petition for Writ of Habeas Corpus, p. 18.  Hankston also asserted this claim in his state habeas petition, *see* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 47, pp. 7L, and the state district court denied the claim.  *See* Findings of Fact, and Conclusions of Law and Order, Exhibit 60.  On the appeal from the denial of his state habeas petition, Hankston did not assert this claim.  *See* Fast Track Statement, Exhibit 64; Reply to Fast Track Response, Exhibit 66.

With respect to each of these claims, Hankston's procedural default occurred at the appellate level in his state habeas action, not before the state district court, where he did in fact assert these issues and where they were adjudicated.  The United States Supreme Court, in *Martinez v. Ryan*, 132

1  S.Ct. 1309 (2012), instructed that cause may be shown to overcome a procedural default of a claim
2  of ineffective assistance of counsel, by showing ineffective assistance of post-conviction counsel.
3  *See Martinez*, 132 S.Ct. at 1320.  However, the Supreme Court made clear that its holding "does not
4  concern attorney errors in other kinds of proceedings, *including appeals from initial-review*
5  *collateral proceedings ....*"  *Id*. (emphasis added); *see also id*. at 1316.  Under the explicit holding of
6  the Supreme Court in *Martinez*, ineffective assistance of counsel on appeal in a state post-conviction
7  does not serve as cause to overcome a procedural default.

8  Hankston argues that his state post-conviction counsel was ineffective, at the state district
9  court level, "for failing to properly present his claims to the state court."  *See* Reply (ECF No. 34),
10 pp. 20-25.  While such alleged ineffectiveness of Hankston's post-conviction counsel, at the district
11 court level, might arguably have affected the resolution of Hankston's petition in the state district
12 court, that alleged ineffectiveness of counsel did not cause his claims to be procedurally defaulted.
13 The procedural default occurred because the claims were not presented -- in any manner -- on the
14 appeal in the state habeas action, leaving them unexhausted in state court, and subject to state-law
15 procedural bars if asserted in a subsequent state habeas action.  Under *Martinez*, Hankston's
16 counsel's alleged ineffectiveness on the appeal in his state habeas action, on account of his decision
17 to not pursue claims on the appeal, does not function as cause, to overcome the procedural default of
18 Hankston's claims.

19 Therefore, Claim 1(1) -- except to the extent based on Hankston's claim that his trial counsel
20 was ineffective for not presenting the testimony of Shane Harris and Tasha Bradford -- and Claims
21 1(2) and 1(3) are procedurally defaulted, and Hankston does not show cause and prejudice to
22 overcome those procedural defaults.  Consequently, those claims will be dismissed.

23 As part of his motion for leave to conduct discovery, Hankston requests leave of court to
24 conduct discovery, regarding Claim 1(3), to obtain records regarding Kevin Washington's criminal
25 history.  *See* Motion for Discovery (ECF No. 35), pp. 5-7.  Because Claim 1(3) is subject to
26 dismissal as procedurally defaulted, there is no showing of good cause for such discovery.  *See*

discussion, *infra*, regarding standards applicable to motions for leave to conduct discovery in federal habeas. The court will deny this part of Hankston's motion for leave to conduct discovery.

The Exhausted Part of Claim 1(1)

The court has found that Claim 1(1) is exhausted (and not procedurally defaulted) to the extent it is based on Hankston's assertion that his trial counsel was ineffective for not presenting the testimony of Shane Harris and Tasha Bradford in support of a self-defense theory. *See* Order entered October 16, 2015, p. 7. That part of Claim 1(1) is now fully briefed, and will be resolved on its merits, in conjunction with the resolution of Claim 1(4), after Hankston completes any authorized discovery regarding Claim 1(4). *See* discussion of Claim 1(4), *infra*.

Claim 1(4)

In Claim 1(4), Hankston claims that his trial counsel was ineffective, in violation of his federal constitutional rights, because he "failed to seek testing of the bullet casings." Second Amended Petition for Writ of Habeas Corpus, p. 19.

Hankston did not assert this claim in his state habeas action. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 47; Petitioner's Supplement to Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 55. In his state habeas petition, Hankston asserted a claim that his trial counsel was ineffective for failing to move to suppress evidence of the bullet casings because they had not been tested. *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exhibit 47, p. 7M. That is not the same claim that is asserted in Claim 1(4). Therefore, with respect to Claim 1(4), Hankston can argue that his post-conviction counsel's failure to assert this claim in the state district court in his state habeas action was cause for his procedural default of Claim 1(4).

Hankston seeks leave to conduct discovery with respect to Claim 1(4). *See* Motion for Discovery, pp. 7-8. Specifically, he seeks an order allowing the testing of four bullet casings found at the scene of the shooting, which are now in the custody of the trial court, to determine if they were fired from the same gun. *See id*. A habeas petitioner is not entitled to discovery "as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *see also Campbell v. Blodgett*, 982

F.2d 1356, 1358 (9th Cir. 1993).  Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery;" Rule 6(b) states that "[a] party requesting discovery must provide reasons for the request."  Rule 6(a) and (b), Rules Governing § 2254 Cases in the United States District Courts.  "[A] district court abuse[s] its discretion in not ordering Rule 6(a) discovery when discovery [i]s 'essential' for the habeas petitioner to 'develop fully' his underlying claim."  *Dung The Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005) (quoting *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997)).  However, courts should not allow a petitioner to "use federal discovery for fishing expeditions to investigate mere speculation."  *Calderon v. United States Dist. Ct. for the N. Dist. of Cal.* (*Nicolaus*), 98 F.3d 1102, 1106 (9th Cir. 1996); *see also Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999).

There was evidence at trial showing that the four bullet casings were manufactured by two different manufacturers.  *See* Testimony of Nancy Stone, Trial Transcript, May 12, 2008, Exhibit 12, p. 148 ("Three of them were Lugers and one was a Sphere.").  Hankston's defense at trial was that the prosecution did not prove beyond a reasonable doubt that he shot Andre Gibson.  That defense, as well as the claim of self-defense that Hankston argues his trial counsel should have asserted, could potentially have been supported by a showing that two different guns were fired.  Therefore, the court finds that there is good cause for the testing of the bullet casings to determine if they were fired from the same gun.  The court will grant this part of Hankston's motion for leave to conduct discovery.

Hankston has not, however, submitted to the court the proposed court order, and/or subpoena(s), that he requests in order to facilitate this discovery.  The court will set a schedule for Hankston to do so, for respondents to respond regarding the form of the order and/or subpoena(s), and for Hankston to reply.  The discovery will not be allowed until the court approves such a court order and/or subpoena(s).

**IT IS THEREFORE ORDERED** that the following claims in petitioner's second amended petition for writ of habeas corpus (ECF No. 20) are **DISMISSED**: Claim 1(1), except to the extent based on Hankston's assertion that his trial counsel was ineffective for not presenting the testimony of Shane Harris and Tasha Bradford in support of a self-defense theory; Claim 1(2); and Claim 1(3).

**IT IS FURTHER ORDERED** that petitioner's Motion for Discovery (ECF No. 35) is **GRANTED IN PART AND DENIED IN PART**. Petitioner shall be granted leave to conduct discovery, in order to conduct testing of the four bullet casings found at the scene of the shooting in this case, subject to the court's approval of a court order and/or subpoena(s) relative to such discovery. In all other respects, petitioner's Motion for Discovery is denied.

**IT IS FURTHER ORDERED** that petitioner shall have 7 calendar days from the date of this order to file a proposed court order and/or proposed subpoena(s), to facilitate the discovery granted in this order. Thereafter, respondents may, within 7 calendar days, file a response to the proposed court order and/or proposed subpoena(s), and thereafter, within 7 calendar days, petitioner may file a reply to respondents' response. The court will look unfavorably upon any motion to extend this schedule. The court's grant of leave for petitioner to conduct discovery, in this order, is subject to the court's approval of a court order and/or subpoena(s) relative to such discovery; petitioner shall conduct no discovery unless and until such approval is granted by the court.

Dated April 19, 2016.

UNITED STATES DISTRICT JUDGE