# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LEMEL DETANIO HANKSTON,

    Petitioner,                                 2:13-cv-01601-JCM-GWF

vs.

                                                 **ORDER**

DWIGHT NEVENS, *et al.*,

    Respondents.

_____/

        In this habeas corpus action, the court granted the petitioner, Nevada prisoner LeMel Detanio Hankston, leave to conduct certain discovery, to wit, testing of bullet casings found at the scene of the shooting that was the subject of his conviction. *See* Order entered April 20, 2016 (ECF No. 38).

        On June 17, 2016, Hankston filed a status report (ECF No. 43), stating that the bullet casings were shipped to a laboratory for testing on June 10, 2016. On that date, June 17, 2016, the court ordered that petitioner had 30 days to file a supplemental brief regarding Claim 1(4) of his second amended habeas petition, and then respondents would have 20 days to file a response and petitioner would have 10 days to file a reply. *See* Order entered June 17, 2016 (ECF No. 44). The court ordered that it would not look favorably on any motion to extend these deadlines. *See id*.

        On July 18, 2016, Hankston filed a supplemental brief (ECF No. 45). That brief includes argument regarding Claim 1(4), but does not include any argument based on results of the testing of the bullet casings; rather, it indicates that the testing has not been completed, and it suggests the testing will take at least another 90 days.

1       The point of the supplemental briefing was for Hankston to present argument based on the results of the testing of the bullet casings. Without such argument, Hankston's further briefing regarding Claim 1(4) is largely repetitive of argument he has previously presented. There is no reason the testing of the four bullet casings, to determine whether they were fired from the same gun, should take months; that testing should have been completed by now, and the results incorporated into the supplemental brief filed July 18.

      The court will set a deadline -- 20 days from the filing of this order -- for Hankston to complete his discovery and file a second supplemental brief regarding Claim 1(4), including any argument based on the results of the testing of the bullet casings. Respondents' response will be scheduled for 20 days after the filing of the second supplemental brief, and Hankston's reply for 10 days after that. *The court will not look favorably upon any motion to extend this schedule.*

      **IT IS THEREFORE ORDERED** that petitioner shall have **20 days** from the entry of this order to complete the discovery authorized by the court in the orders entered April 19, 2016 (ECF No. 38) and May 12, 2016 (ECF No. 42), and to file a second supplemental brief regarding Claim 1(4) of his second amended habeas petition, including any argument based on the results of the testing of the bullet casings. Respondents will, thereafter, have 20 days to file a response to petitioner's supplemental and second supplemental briefs, and petitioner will then have 10 days to file a reply. *The court will not look favorably on any motion to extend these deadlines.*

Dated July 20, 2016.

                                                      _____
                                                      UNITED STATES DISTRICT JUDGE